FILED
SUP          UR
CLERK OF COURT
BY

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, ) CRIMINAL CASE NO. CF0505-11

vs. )

VIMSON JAY MENISIO, ) DECISION AND ORDER
BENNY SAM ROBERT, )
OSUPWANG JERY MURITOK, )

Defendants. )

This matter came before the HONORABLE VERNON P. PEREZ on March 6, 2013 for Defendant Robert's Motion to Dismiss. Attorney William Jones represented Defendant Robert, who was present. Attorney Brian Kelley represented Defendant Muritok, who was present. Attorney John Terlaje represented Defendant Menisio, who was present. Attorney Brian Gallagher appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant Robert requests dismissal as he argues that the Government failed to present exculpatory evidence to the grand jury in obtaining the Indictment. Defendant also brings additional motions which are discussed below. Some of these motions apply to the Co-Defendants. The Court now addresses all motions currently before the Court except Defendant Robert's Motion to Suppress, which will be addressed at a later hearing.

## DISCUSSION

### Failure to Present Exculpatory Evidence

Defendant Robert moves this Court to dismiss the Indictment on the basis that the People failed to present exculpatory evidence to the grand jury that was in their possession or knowledge in violation of 8 GCA § 50.46. More specifically, Defendant Robert argues that the Government failed to present to the grand jury (1) a statement by Defendant Robert that he and his friends were attacked by knife wielding individuals, (2) a statement by Foriom Simata that

"Jay" got "payback" for Steve, (3) a statement by Nedrick Pucholong, the Victim's brother, who identified the individuals surrounding his brother's attack and Defendant Robert was not identified, as well as, (4) a statement by Nedrick Pucholong that the Victim initiated the attack.

The Government contends that the "[V]ictim's participation in the event that led to his death was fully explained to the jury." *See* Opposition at 3. The Government also claims that it provided all exculpatory evidence to the grand jury as required by 8 GCA § 50.46. In sum, the Government argues that the grand jury had adequate information to base its determination with intelligence and probable cause.

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment...." *Brady*, 373 U.S. at 87. A similar requirement is found under Guam's discovery statute, which requires the prosecuting attorney to disclose "any material or information which tends to negate the guilt of the defendant as to the offense charged...." *See* 8 GCA § 70.10(a)(7) (2005); *See also Guam v. Kitano*, 2011 Guam 11.

There are three components of a *Brady* violation. *Flores,* 2009 Guam 22 ¶ 61; *Strickler v. Greene,* 527 U.S. 263, 281–82 (1999). "First, the evidence at issue must be favorable to the accused," either because it is exculpatory or because it is impeaching. *Flores,* 2009 Guam 22 ¶ 61 (citing *United States v. Bagley,* 473 U.S. 667, 676 (1985)). "Second, the evidence must have been suppressed by the government, either willfully or inadvertently." *Id.* (citing *United States v. Agurs,* 427 U.S. 97, 110 (1976)). Third, prejudice must have ensued, i.e., the defendant must have been deprived a fair trial. *Id.*(citing *Bagley,* 473 U.S. at 676–78). "[S]trictly speaking, there is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler,* 527 U.S. at 281. This is because *Brady's* " 'overriding concern [is] with the justice of the finding of guilt,' not with the accused's ability to prepare for trial."*Norris v. Schotten,* 146 F.3d 314, 334 (6th Cir.1998) (quoting *Agurs,* 427 U.S. at 113 & n. 20).

Even if the failure to mention the exculpatory evidence was not willful but merely a failure to inspect police files, dismissal may still be warranted where available exculpatory

evidence was not provided to the grand jury. *See Kyles v. Whitley*, 514 U.S. 419 (1995). The Government has a duty to acquire all information available to other agencies involved in the prosecution of a criminal case. *Id; See also Brady v. Maryland,* 372 U.S. 83 (1963).

The Court has reviewed the grand jury audio recording and finds that the grand jury was told about the involvement of other Co-Defendants in the Victim's death. At 2:11p.m on September 22, 2011, the grand jury was told by Detective Lizama that Defendant Menisio, not Defendant Robert, claimed that he was the one who killed the Victim. The grand jury was also told of the events leading up to the attack including the involvement of the Victim himself. *See* Audio Recording of Grand Jury. Therefore, there can be no argument that the Government failed to present exculpatory statements regarding the cause of the attack or the involvement of other individuals.

Furthermore, the Court also finds that any statement by Defendant claiming that others were present is not necessarily exculpatory. Statements that Defendant went unnamed are also not exculpatory. Defendant Robert could still be culpable even if others assisted in the crime alleged. For example, if "Jay" got "payback," Defendant Robert could still be culpable if he also stabbed the Victim. Furthermore, the statement by the Victim's brother that failed to name Defendant Robert is not exculpatory as it does not negate guilt. Exculpatory evidence would have been that Defendant Robert was at a distant location with a friend at the time of the alleged crime. Therefore, the Court will not dismiss an indictment unless the missing information was truly exculpatory. As to the statements claimed to have not been given to the grand jury, the Court finds that the "payback" statement by Foriom Simata is not exculpatory in that Defendant Robert may still be culpable for the Victim's murder. Any statement failing to name Defendant Robert is, also, not exculpatory without some indication that Defendant Robert's guilt tends to be negated. Additionally, Defendant made a statement admitting to his presence at the scene of Victim's stabbing, which was also mentioned to the grand jury. Defendant Robert's own statements make any statement failing to identify Defendant Robert as present at the scene of the crime weak at best.

Yet, the statement by Defendant Robert that he was attacked and the statement by the Victim's brother that the Victim initiated the attack are exculpatory. The Court is more concerned with these statements as they indicate that Defendant Robert may have been defending himself. While the totality of evidence at this point does not indicate that Defendant Robert was merely defending himself, the Indictment may still be dismissed if the Government failed to present the statements by Defendant Robert and the Victim's brother that the Victim initiated the attack. However, the Court concludes that the grand jury was aware of the Co-Defendant's participation and the involvement of Victim in his own death as explained above.

For these reasons, the Court finds that the Indictment against Defendant Robert was properly obtained as the grand jury was able to weigh the exculpatory evidence in possession of the Government as required by § 50.46. Here, some exculpatory statements clearly existed, but all exculpatory evidence was provided to the grand jury. The Court will not dismiss the Indictment as the Court concludes the Government provided all available exculpatory evidence. Most importantly, even if the listing of suspects by the Victim's brother failing to include Defendant's name or the indication that others may have killed the Victim were exculpatory, that failure to present such evidence to the grand jury did not prejudice the Defendant.[1] The Defendant provided a confession, which was told to the grand jury and the Court concludes that the grand jury would have still indicted Defendant even with the reading of the statements based on all evidence given to the grand jury.

**Motion to Sever**

Defendant Robert requested that his case be severed from the other Defendants in this case. Defendant Robert explained that many statements amongst the Defendants to the Police implicated other Co-Defendants. Additionally, there appears to be no opposition by Co-Defendants or the Government to severance. While the Court desires efficiency and believes keeping the three Defendants together would achieve those goals, the Court will not jeopardize a

---

[1] The Court finds that all statements, exculpatory and inculpatory, were given to the grand jury. The example of a failure to present evidence used by the Court is only a hypothetical and does not express a finding that the Government failed to present any statements it knew of or should have been aware of. The Court only desires for a complete discussion of the issues. The Government has indicated that all available evidence was provided to the grand jury and nothing in the record controverts that notion.

defendant's rights to accomplish efficiency. The Court is under the impression that each Defendant desires his own trial. *See* Hearing Transcript on March 6, 2013. Therefore, the Court orders that the felony cases and trials be severed.

### Forensic Evaluation and 9 GCA § 7.22 Notice

The Court orally granted that a forensic evaluation occur for Defendant Robert's mental capacity as this Defendant made issue of his mental capacity before the Court. As a result, the Court additionally allowed Defendant Robert's Motion for Leave of Court to Afford Written Notice pursuant to 9 GCA § 7.22 to be granted. The Court will wait for the conclusions provided upon the return of the forensic evaluation before proceeding with this case. The Motion to Dismiss, however, is dispositive and deals with potential procedural failures that occurred earlier. It can be dealt with currently.

### Motion to Suppress

Defendant Robert's Motion to Suppress will be heard at a future hearing after the resolution of the issue of Defendant Robert's mental capacity to withstand the proceedings against him.

### Motion for Discovery

At hearing on the matter, the Court orally granted Defendant Robert's Motion to Compel Discovery. The Court and Parties are aware of the continuing obligation that the Government maintains to turn over all relevant discovery. Any documents within the possession of the Government, inculpatory or exculpatory, should be turned over to all Defendants at the earliest possible time.

### Motion to Continue Trial

The Court orally granted Defendant Robert's Motion to Continue Trial based on the inability to maintain the current schedule. The Court must first address the more pressing concerns of suppression and Defendant Robert's mental capacity before the trial may be had in this matter.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. The Court hereby GRANTS severance of all three Defendants. The Court also hereby GRANTS Defendant Robert's Motion to Continue Trial, Motion to Compel Discovery and Motion for Forensic Evaluation.

So **ORDERED** this 28TH day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAR 2 8 2013

Leonard F. Ventura
Deputy Clerk, Superior Court og Guam